IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REPTRONIX, LTD.,
a New Mexico corporation,

    Plaintiff,

vs.  Civ. No. 01-890 JP/DJS

INTERNATIONAL RECTIFIER, INC.,
a Delaware corporation,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On December 20, 2001, the Defendant filed a Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted Pursuant to Fed. R. Civ. P. 12(b)(6), and for More Definite Statement Under Fed. R. Civ. P. 12(e) (Doc. No. 5). Having reviewed the briefs and the relevant law, I find that the Defendant's motion to dismiss and for more definite statement should be granted.

A.  Background

The pertinent facts, as alleged by Plaintiff, are as follows. The Plaintiff "is engaged in the business of providing independent sales representations to companies in the computer industry." Complaint at ¶1. The Defendant "is engaged in the manufacture and supply of active electronics and electrical components to various industries." *Id*. at ¶2. In November 1982, the parties entered into a written contract whereby the Plaintiff would provide the Defendant with sales representation services. *Id*. at ¶5. The written contract was renewable for two year periods upon written notice by the Defendant. *Id*. In addition, the written contract could be terminated at any time by either party for cause so long as the party requesting termination of the contract provided

thirty days notice to the other party. *Id.* at ¶6.

The Defendant renewed the written contract twice as provided by the terms of the contract. *Id.* at ¶¶6-7. Subsequent to the expiration of the renewed November 1986 written contract by the Defendant's failure to renew that contract in 1988, the parties continued to perform the terms of the written contract as if those terms were still in effect. *Id.* at ¶7. In July 1997, the Defendant verbally notified the Plaintiff that it was reducing the commission rates it had paid to the Plaintiff previously under the written contract. *Id.* at ¶¶8-9. In September 1997, the Defendant and Plaintiff orally agreed that the Plaintiff would receive reduced commission rates in exchange for an increase in the amount of commissions to be paid upon termination of the parties' sales representation agreement. *Id.* at ¶¶11-14. Specifically, the parties allegedly agreed that upon termination of their sales representation agreement the Defendant would pay the Plaintiff termination fees for an eighteen month period, an eighteen month backlog, and an additional sixteen month period (a payment for each year the Plaintiff had provided sales representation services to the Defendant). *Id.* at ¶¶14, 18, 22. Although the Defendant allegedly stated to the Plaintiff that it would draft a new written contract reflecting the September 1997 oral modifications to the sales representation agreement, the Defendant never did so. *Id.* at ¶¶13, 21. The Plaintiff, nonetheless, continued to provide the Defendant with the services the Defendant had originally contracted for. *Id.* at ¶16. On July 6, 1998, the Defendant sent a written termination notice to the Plaintiff reciting an effective termination date of August 3, 1998. *Id.* at ¶22. The termination notice apparently was not based on cause. *Id.* at ¶27. The Defendant has only paid the Plaintiff termination fees for three months. *Id.* at ¶¶24, 35.

The Complaint contains seven Counts. Count I alleges that the Defendant breached the renewed November 1986 written contract because the July 1998 termination notice was not based on cause and gave less than thirty days notice of the effective termination date. Count II alleges that the Defendant breached a new subsequent oral contract by paying the Plaintiff termination fees for only three months. Count III alleges that the Defendant breached the renewed November 1986 written contract by not paying the Plaintiff the original agreed upon sales commission rate. Count IV alleges promissory estoppel; Count V alleges equitable estoppel; Count VI alleges unjust enrichment; and Count VII alleges a *prima facie* tort. The Defendant argues that Counts I, III, IV, V, VI, and VII should be dismissed for failing to state a claim upon which relief can be granted. In the alternative, the Defendant argues that the Plaintiff should be ordered to provide a more definite statement as to Counts V and VII, and as to any special damages.

B. The Motion to Dismiss

    1. Standard

In considering a motion to dismiss for failure to state a claim, I must liberally construe the pleadings, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). I may dismiss the complaint if it appears to a certainty that the plaintiff can prove no set of facts in support of the plaintiff's claim which would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

    2. Count I: Breach of Contract with Respect to the Termination Notice

The Defendant contends that Count I fails to state a cognizable claim for two reasons. The Defendant argues first that the renewed November 1986 written contract was no longer in

existence at the time of the 1998 termination notice. Consequently, the Defendant could not have breached the termination notice provision of the renewed November 1986 written contract. Second, the Defendant argues that any subsequent oral agreement to continue the terms of the written contract after it had expired was barred by the statute of frauds.

If the terms of a contract are unambiguous, each party is ordinarily bound by the terms of the contract. *Smith v. Price's Creameries, Div. of Creamland Dairies, Inc.*, 98 N.M. 541, 544-45, 650 P.2d 825, 828-29 (1982). Accordingly, "[c]ontractual provisions relating to termination or cancellation of an agreement not arrived at by fraud, or unconscionable conduct will be enforced by law. Where a contract provides for a manner by which termination can be effected, these provisions must ordinarily be enforced as written." *Id*. at 546, 650 P.2d at 830 (citations omitted). In this case, the written contract unequivocally states that it can be terminated by either 1) a failure to renew the two year period by a written notice, or 2) a party giving a written thirty day notice of termination for cause. ¶2 of Agreement for Sales Representation, Exhibit A (attached to Complaint). The written contract expired by its own terms in 1988 when the Defendant failed to renew the contract in writing. The written contract, therefore, could have not been breached by the Defendant in 1998.

The Plaintiff, however, argues that by their conduct the parties nonetheless continued to have a contract in 1998 based on the terms of the 1986 written contract. The Defendant contends that the statute of frauds bars any verbal agreement made subsequent to the expiration of the 1986 written contract. The statute of frauds states:

> No action shall be brought ... upon any agreement that is not to be performed within the space of one year from the making thereof, unless the agreement upon which such action shall be brought, or some memorandum or note thereof shall be in writing, and signed by

>
> the party to be charged therewith, or some other person thereunto by him lawfully authorized.

*See Westerman v. City of Carlsbad*, 55 N.M. 550, 553, 237 P.2d 356, 357-58 (1951)(quoting Section 4 of the English Statute of Frauds). The parties' agreement to continue to perform the terms of the 1986 written contract after its expiration was apparently for either an indefinite period of time or arguably for two year terms. In either case, the agreement was not restricted to less than one year. Consequently, the subsequent agreement was subject to the statute of frauds' requirement of a writing. *See Gonzales v. United Southwest National Bank of Santa Fe*, 93 N.M. 522, 524, 602 P.2d 619, 621 (1979)("Where a written contract is for a period of more than one year, a renewal contract for a like period is not enforceable without a writing.").

The Plaintiff also argues that the subsequent verbal agreement was not subject to the statute of frauds because of the parties' partial performance of the subsequent agreement and reliance on the subsequent agreement. The New Mexico Supreme Court has held that when a written contract subject to the statute of frauds expires, the parties' partial or continued performance of the terms of the contract does not take the subsequent agreement "out of the application of the Statute of Frauds." *Id*. Moreover, it is "'stated as a rule without exception that the part performance of services under a parol contract not to be performed within a year does not remove the contract form the operation of the statute of frauds....'" *Bosque Farms Home Center, Inc. v. Tabet Lumber Co., Inc.*, 107 N.M. 115, 118, 753 P.2d 894, 897 (1988) (quoting *Westerman v. City of Carlsbad*, 55 N.M. 550, 555, 237 P.2d 356, 358 (1951)). The partial performance exception to the statute of frauds does not apply to this case.

5

Parties may, however, orally modify a written contract subject to the statute of frauds "if one of the parties materially changes its position in reasonable reliance on the subsequent oral agreement." *Diversified Development and Investment, Inc. v. Heil*, 119 N.M. 290, 300, 889 P.2d 1212, 1222 (1995). This reliance exception to the statute of frauds, however, is inapplicable to this case. Parties cannot modify a written contract which has expired. "An expired contract within the statute [of frauds] cannot be revived and extended by parol agreement...." *Gonzales*, 93 N.M. at 524, 602 P.2d at 621 (citing *Adams v. Thompson*, 87 N.M. 113, 116, 529 P.2d 1234 (Ct. App.), *cert. denied*, 87 N.M. 111, 529 P.2d 1232, 1237 (1974)). Hence, Count I will be dismissed for failure to state a cognizable claim under New Mexico contract law.

3. Count III: Breach of Contract with Respect to the Sales Commission Rate

The Defendant argues that Count III is subject to dismissal because the alleged failure to pay the original sales commission rate is premised on the 1986 written contract which expired in 1988. As previously discussed, the 1986 written contract indeed expired in 1988. In addition, the statute of frauds bars any subsequent verbal agreement to continue to provide the same sales commission rate which was established in the 1986 written contract. Count III, therefore, fails to state a cognizable claim and will be dismissed.

4. Count IV: Promissory Estoppel

The Defendant argues that the Plaintiff's claim of promissory estoppel should be dismissed because the claim is based upon an alleged oral contract under the terms of which the Defendant "would pay increased post-termination commissions in exchange for [Plaintiff's] acceptance of substantially reduced sales commission rates." Complaint at ¶43. Interestingly, the Plaintiff in its response brief did not respond to the Defendant's argument. Under the local rules, the failure to

respond to a motion is sufficient reason to grant the Defendant's request to dismiss Count IV. *See* D.N.M.-LR-Cv 7.5(b). I will, however, briefly address the Defendant's argument on the merits for dismissing Count IV.

Since the verbal agreement entered into after the expiration of the written agreement is subject to the statute of frauds, the issue that now arises is whether the Plaintiff can nonetheless bring a promissory estoppel claim. *Eavenson v. Lewis Means, Inc.*, 105 N.M. 161, 163, 730 P.2d 464, 466 (1986), *overruled on other grounds by Strata Production Co. v. Mercury Exploration Co.*, 1996-NMSC-016, 121 N.M. 622 held that the statute of frauds is not applicable if the elements of promissory estoppel can be proven. That case involved a plaintiff who was promised a better job, left her previous job for the supposedly better job, subsequently quit the new job, and was refused re-employment by her former employer. *Id.* at 162, 730 P.2d at 465.

The court in *Eavenson*, however, distinguished the facts in *Gonzales*, cited *supra*, from those in *Eavenson*. *Id.* at 163, 730 P.2d at 466. *Gonzales* involved a written employment contract which expired after a three year period unless the parties affirmatively renewed the contract as provided in the renewal option. *Id.* The plaintiff in *Gonzales* argued that the contract remained in place after the three year period expired so long as he performed his job. In the alternative, the plaintiff argued that after the first three year period expired, an additional three year period automatically became effective. *Id.* The *Eavenson* court concluded that "the *Gonzales* case presented no facts to substantiate the claim of estoppel." *Id.* Like the plaintiff in *Gonzales*, the Plaintiff in this case alleges that although the written contract expired by its own terms, i.e., the parties did not affirmatively renew the written contract as provided in the contract, the contract nonetheless continued to be in effect because of the conduct of the parties.

7

Following *Eavenson's* reasoning, this case like *Gonzales* also does not have a factual basis for a promissory estoppel claim. For this reason, Count IV should be dismissed for failure to state a cognizable claim.

     5.  Count V: Equitable Estoppel

The Defendant argues that the Plaintiff has not pled facts to support a claim for equitable estoppel.[1] *Memorial Medical Center, Inc. v. Tatsch Const., Inc.*, 2000-NMSC-030 ¶11, 129 N.M. 677 states that

> [i]n order to find equitable estoppel the following facts must be established as to the party estopped: (1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) intention, or at least expectation, that such conduct shall be acted upon by the other party; (3) knowledge, actual or constructive of the real facts. ... The following elements must be shown as to the party claiming estoppel: (1) Lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped; and (3) action based thereon of such a character as to change his position prejudicially.

Moreover, the party pleading equitable estoppel must do so with particularity. *Continental Potash, Inc. v. Freeport-McMoran, Inc.*, 115 N.M. 690, 698, 858 P.2d 66, 74 (1993), *cert. denied*, 510 U.S. 1116 (1994)(citation omitted). *See also* Fed. R. Civ. P. 9(b) (averments of fraud or mistake must be pled with particularity).

     Here, the Plaintiff's equitable estoppel claim consists of the following:

> 49.  [Defendant's] promise must be enforced to avoid injustice and substantial economic injury to [Plaintiff]. Specifically, the promise must be enforced so that [Defendant] cannot retain the benefit of [Plaintiff's] performance without abiding by [Defendant's] own

---

[1] Unlike promissory estoppel, equitable estoppel can probably be alleged in this case despite the statute of frauds bar. *See Eavenson*, 105 N.M. at 163, 730 P.2d at 466 (citing *Oxley v. Ralston Purina Co.*, 349 F.2d 328 (6th Cir. 1965); *Westerman*, 55 N.M. 550, 237 P.2d 356 (1951)).

obligations under its promise to pay increased post-termination commissions. This description of the Plaintiff's equitable estoppel claim fails to meet the requirement of pleading an equitable estoppel claim with particularity. Although the Defendant asks the Court to dismiss this claim for failure to state a cognizable claim, the Defendant also asks, in the alternative, for a more definite statement of the equitable estoppel claim, including a description any special damages. I am inclined to allow the Plaintiff an opportunity to amend its equitable estoppel claim to meet the requirement of pleading with particularity, including pleading any special damages.

6. Count VI: Unjust Enrichment

The Defendant also argues that the Plaintiff has not stated a cognizable claim for unjust enrichment. The Plaintiff's claim for unjust enrichment is based on the allegation that the Defendant was unjustly enriched when it failed to pay the Plaintiff the sales commission rate established in the 1986 written contract even though Defendant continued to benefit from the Plaintiff's services. This allegation fails to state a cognizable claim for two reasons. First, the written agreement containing the sales commission rate the Plaintiff thought it was entitled to in 1997 and 1998 had expired by its own terms in 1988. Second, any subsequent agreement to continue paying the commission rate established in the renewed 1986 written agreement is barred by the statute of frauds. Count VI will, therefore, be dismissed.

7. Count VII: *Prima Facie* Tort

The Defendant argues that the Plaintiff fails to allege any of the elements of a *prima facie* tort and that a *prima facie* tort remedy is not available to the Plaintiff because it has contract remedies available to it. "The elements of prima facie tort are: (1) defendant's lawful but

9

intentional act; (2) defendant's intent to injure the plaintiff; (3) injury to the plaintiff; and (4) no justification for defendant's acts." *Andrews v. Stallings*, 119 N.M. 478, 493, 892 P.2d 611, 626 (Ct. App. 1995)(citation omitted). Moreover, "'prima facie tort should not be used to evade stringent requirements of other established doctrines of law.'" *Id*. (quoting *Schmitz v. Smentowski*, 109 N.M. 386, 398, 785 P.2d 726, 738 (1990)).

In this case, the Plaintiff's *prima facie* tort claim is that the Defendant's actions constituted a "bad intent." Complaint at ¶58. The Plaintiff does not elaborate further on the elements of a *prima facie* tort claim nor does it indicate why a *prima facie* tort claim is appropriate in this breach of contract case. Rather than dismiss Count VII for failure to state a cognizable claim, it is more appropriate to grant the Defendant's alternative request for a more definite statement as to Count VII.

IT IS ORDERED that:

1. Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted Pursuant to Fed. R. Civ. P. 12(b)(6), and for More Definite Statement Under Fed. R. Civ. P. 12(e) (Doc. No. 5) is granted;

2. Counts I, III, IV, and VI will be dismissed with prejudice; and

3. Counts V and VII will be dismissed with prejudice unless by March 15, 2002 the Plaintiff amends those counts to state valid causes of actions.

_____
CHIEF UNITED STATES DISTRICT JUDGE